JEAN CHRISTENSEN   8475
The Law Office of Jean Christensen LLLC
55 Merchant Street, Suite 3000
Honolulu, Hawaii 96813
Telephone: (808) 521-1202
Facsimile: (877) 524-2114
christensenlaw@hawaii.rr.com

Mailing address:
1164 Bishop Street No. 124-123
Honolulu, Hawaii 96813

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MS K. ZAMI-PEREZ, aka MS ZAMI, aka WENDIE GLORIA AMPOFO, aka WENDIE GLORIA KEVELIER, aka WENDIE GLORIA VILLALOBOS, aka MS KAMANAHO`OMALUHIA ZAMI-PEREZ,<br><br>            Debtor. | Case No. 10-00646<br>(Chapter 13)<br><br>**MOTION TO RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO DISMISS CHAPTER 13 CASE, WITH 180-DAY BAR TO REFILING**<br><br>Judge:  The Hon. Robert J. Faris<br><br>Related Docket No.: 76 |

**MOTION TO RECONSIDER ORDER GRANTING DEBTOR'S MOTION
TO DISMISS CHAPTER 13 CASE, WITH 180-DAY BAR TO REFILING**

COMES NOW Ms K. Zami-Perez, the debtor herein ("Debtor"), by

and through her undersigned counsel, and hereby moves this Honorable Court for

reconsideration of, and to alter or amend, its Order Granting Debtor's Motion to Dismiss Chapter 13 Case, With 180-Day Bar To Refiling, entered on December 21, 2010 (Docket No. 76) (hereinafter, "Dismissal Order"). The Motion seeks reconsideration of that portion of the Dismissal Order barring the Debtor from filing a subsequent voluntary petition for 180 days following the date of entry of the Dismissal Order, pursuant to 11 U.S.C. § 109(g)(2).

This Motion is brought pursuant to Fed. R. Civ. P. 59(a), made applicable through Fed. R. Bank. P. 9023, and Local Rule 7.2(e) and (f). The Motion is timely brought. Fed. R. Bankr. P. 9023.

## I. FACTUAL BACKGROUND

The Debtor commenced this chapter 13 case on March 5, 2010, seeking in large part to repay mortgage arrears of approximately $27,000.00 and to restructure her monthly payments on a secured loan with Bank of Hawaii for a 2007 Hyundai Santa Fe van (hereinafter, the "Hyundai"). Her chapter 13 plan originally proposed a cramdown of the Hyundai loan, on which the Debtor's non-filing, estranged husband is a co-borrower. However, because the Debtor later accepted a teaching job in the State of Georgia and Bank of Hawaii would not consent to shipment of the Hyundai to the mainland, the Debtor amended her plan on May 24, 2010, to provide for the surrender of the Hyundai to Bank of Hawaii.

The Debtor's plan, as amended, was confirmed by order entered on August 12, 2010,[1] and provided for monthly payments of $1,040.00 for two months, followed by monthly payments of $680.00 for 58 months.[2] The Debtor voluntarily surrendered the Hyundai at the Haleiwa branch of Bank of Hawaii on June 15, 2010, and left for Georgia two days later. See Declaration of Ms K. Zami-Perez Regarding Surrender of Vehicle to Secured Creditor, filed July 9, 2010 (Docket No. 56), at ¶ 5.

On June 3, 2010, Bank of Hawaii filed a motion (hereinafter, "Relief-From-Stay Motion") which purported to seek relief from the automatic stay of 11 U.S.C. § 362(a) and from the codebtor stay of 11 U.S.C. § 1301(a) in order for the bank to exercise its rights under the vehicle loan with respect to the Debtor and her estranged husband as follows:

> (1) relating to the Contract and Vehicle, subject to there not being execution on or recordation of any deficiency judgment or money judgment without further order of the Court against Debtor's assets or Debtor's estate; and (2) against the Chapter 13 codebtor, under the contract and applicable non-bankruptcy law, including entry of a deficiency against the Chapter 13 codebtor.

---

[1] The confirmation hearing at which the Court verbally confirmed the plan was held on June 24, 2010. See Docket No. 52.

[2] At the commencement of this case, the Debtor was an elementary school teacher in the Hawaii public schools with income above the median for her household size in Hawaii.

<u>See</u> Memorandum in Support of Motion for Relief from Automatic and Codebtor Stays, filed June 3, 2010, at pp. 2-3.

No opposition was filed to the Relief-From-Stay Motion, and the Court entered an order (hereinafter, "Relief-From-Stay Order") granting the motion on June 24, 2010 (Docket No. 51), by which time the Debtor had already voluntarily surrendered the Hyundai.

The Debtor's move to Georgia proved financially devastating. Facing what she perceived to be irreconcilable conflicts with a coworker and supervisor and an overall hostile work environment in her new job, she quit after six weeks, feeling that she had no other alternative and faced damage to her health and possibly her teaching career if she remained on the school's staff. The Debtor's diligent efforts to find a new job have so far been unsuccessful.

Three months behind in her chapter 13 plan, and with the lack of any immediate promise of a new job on making it increasingly unlikely she would able to cure her plan arrears, the Debtor moved for voluntary dismissal of her chapter 13 case on December 9, 2010. The Court entered the Dismissal Order on December 21, 2010.

The Dismissal Order provided that the Debtor's case is dismissed, and additionally stated:

> IT IS FURTHER ORDERED that, pursuant to 11 U.S.C. § 109(g)(2), the Debtor and, if any, the Joint Debtor, are barred

4

> from filing a subsequent voluntary petition for 180 days following the date of entry of this order because the Debtor(s) requested dismissal following the filing of a request for relief from the automatic stay provided by 11 U.S.C. § 362. If a voluntary petition is accepted for filing in violation of this order, the case may be dismissed as soon as practicable without further notice and any stay imposed under any section of the Bankruptcy Code may be annulled as of the date of filing of the petition without further notice.

Dismissal Order (Docket No. 76).

Other than the Debtor, no other party in interest or creditor has requested dismissal of this case. And other than Bank of Hawaii, no creditor or party in interest has sought relief from the automatic stay of 11 U.S.C. § 362(a) or the codebtor stay of 11 U.S.C. § 1301(a).

## II.    LEGAL STANDARD

Fed. R. Civ. P. 59(a), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023, provides that a court has the discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions. Fed. R. Civ. P. 59(a); Fed. R. Bankr. P. 9023; Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503F.3d 933, 946 (9th Cir. 2007). Under Rule 9023, a motion for a new trial or to alter or amend a judgment shall be filed no later than 14 days after entry of judgment.

Granting a motion for reconsideration under Rule 59(a) is appropriate if the moving party demonstrates (1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence. Janas v. Marco Crane & Rigging Co. (In re JWJ Contr. Co.), 287 B.R. 501, 514 (B.A.P. 9th Cir. 2002), aff'd, Endo Steel, Inc. v. Janas (In re JWJ Contr. Co.), 371 F.3d 1079 (9th Cir. 2004). There may also be other, highly unusual circumstances warranting reconsideration. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).

## III. ARGUMENT

Section 109 of the Bankruptcy Code governs who may be a debtor under the Code and provides in pertinent part that:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

"The purpose of § 109(g) is to prevent abusive repeat filings: The obvious thrust of [§ 109(g)(2)] is to preclude the debtor from denying the creditor the benefit of termination of the stay by filing another case reimposing the stay." Greenwell v. Carty (In re Carty), 149 B.R. 601, 603 (B.A.P. 9th Cir. 1993) (citing In re Berts, 99 B.R. 363, 365 (Bankr. N.D. Ohio 1989), and 2 Collier on Bankruptcy, ¶ 109.06 at 109.32 (15th ed. 1991)).

In Home Sav. of Am. v. Luna (In re Luna), 122 B.R. 575 (B.A.P. 9th Cir. 1991), the Bankruptcy Appellate Panel for the Ninth Circuit held that the application of section 109(g)(2) is discretionary, rejecting the line of cases interpreting section 109(g)(2) which holds that application of the statutory provision is mandatory. 122 B.R. 577. In Luna, a debtor had voluntarily dismissed his chapter 13 case after a mortgagee had obtained relief from the automatic stay. The debtor filed a second chapter 13 petition after the mortgagee had proceeded with a foreclosure without having provided a court-ordered accounting to the debtor for the amount of the deficiency

Although Luna involved bad faith creditor conduct that is not alleged in the instant case, the Debtor submits that based upon the equities of her case and the overall purpose of section 109(g)(2), the Court may, and should, in its sound discretion decline to apply section 109(g)(2) to the voluntary dismissal of the Debtor's case. "Under the BAP's decisions, the Court has discretion to decline to

7

apply § 109(g)(2) mechanically when the circumstances warrant granting a debtor relief, *e.g.*, when an illogical, unjust or capricious result would follow, or when the benefit of a dismissal would inure to a bad faith creditor." In re Hieter, 414 B.R. 665, 669 (Bankr. D. Idaho 2009) (though imposing a bar on re-filing to sanction inequitable conduct by the debtors in that case). In the Debtor's case, mechanically applying section 109(g)(2) produces an illogical and unjust result.

Although Bank of Hawaii's Relief-From-Stay Motion requested relief under both section 362 and section 1301, the Debtor submits that the motion was for all practical purposes one for relief from the codebtor stay of section 1301, which does not trigger section 109(g)(2). By the time the Relief-From-Stay Order was entered on June 24, 2010, the Debtor had voluntarily surrendered the Hyundai to Bank of Hawaii. With Bank of Hawaii already in possession of its collateral as of June 15, 2010, there was no substantive relief from the automatic stay of section 362(a) that could be given to Bank of Hawaii at the time the Relief-From-Stay Order was entered. The Relief-From-Stay Motion had expressly stated that the relief sought was "subject to there not being execution on or recordation of any deficiency judgment or money judgment without further order of the Court against Debtor's assets or Debtor's estate[.]" Memorandum in Support of Relief-From-Stay Motion, at p. 2. (This caveat did not apply to the Codebtor. See id. at pp. 2-3.)

Moreover, the Debtor's confirmed chapter 13 plan provided that,

> Entry of the order confirming this plan will terminate the automatic stay under 11 U.S.C. § 362(a) and the codebtor stay under 11 U.S.C. § 1301(a) as to the Debtor, codebtor(s), and the bankruptcy estate, to permit the creditor whose collateral is being surrendered to receive, repossess, or foreclose upon that collateral and to exercise its rights and remedies as to its collateral under applicable nonbankruptcy law.

See Section 4.03 of the amended chapter 13 plan referenced in the August 12, 2010 Order Confirming Chapter 13 Plan (Docket No. 66).

Bank of Hawaii cannot be faulted for its abundance of caution in bringing the Relief-From-Stay Motion under both section 362 and section 1301. At the same time, the Debtor cannot be said to have run afoul of the overall purpose of section 109(g)(2) – "prevent[ing] abusive repeat filings" and "preclud[ing] the debtor from denying the creditor the benefit of termination of the stay by filing another case reimposing the stay", Carty, supra – where the granting of the Relief-From-Stay Motion gave Bank of Hawaii no substantive relief as to the Debtor under section 362 and instead amounted to a mere comfort order as to her. The only meaningful relief provided by the Relief-From-Stay Order was as to the Codebtor under section 1301, which statute is not referenced in section 109(g)(2).

The equities of this case do not call for mechanical application of the 180-day bar to refiling under section 109(g)(2). The Debtor voluntarily dismissed

9

her chapter 13 case because her unemployed status had caused the plan to collapse, and not because she seeks to deny any creditor the benefit of the termination of the automatic stay by re-filing. Bank of Hawaii was the only creditor who moved for relief from the automatic stay in the Debtor's case, and the relief it obtained did not improve its position in any way as to the Debtor. Under these circumstances, the Debtor respectfully submits that the application of section 109(g)(2) to her voluntary dismissal is illogical and manifestly unjust so as to warrant the Court's reconsideration.

## IV. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests the Court enter an order amending its Order Granting Debtor's Motion to Dismiss Chapter 13 Case, With 180-Day Bar To Refiling, entered on December 21, 2010, to remove the 180-day bar to refiling imposed therein.

DATED: Honolulu, Hawaii, December 23, 2010.

/s/ Jean Christensen
JEAN CHRISTENSEN
Attorney for Debtor
MS K. ZAMI-PEREZ